IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN A. HANNO, | ) | No. 98 B 36360 |
| | ) | |
| Debtor. | ) | The Hon. Jack B. Schmetterer |
| | ) | Presiding |

## STIPULATED ORDER

This Chapter 13 Proceeding was filed on November 12, 1998. TCF National Bank Illinois ("TCF"), which holds a first mortgage on the residence at 6 N. Trail Ct., Lemont, Illinois, which is owned by the debtor, brought a motion to dismiss this proceeding on various grounds. The matter is now before this Court on that motion, on the question of whether the plan proposed by the debtor should be confirmed, and on TCF's motion for contempt of court, based on their claim that the debtor refused to allow an appraiser access to his residence after this Court ordered him to do so.

Several evidentiary hearings have been held, and after negotiations, TCF and the debtor, who has been assisted by Robert J. Adams and Associates, have reached a settlement of this matter on the following terms:

1. The plan is modified to provide for a completion date of December 1, 1999.

2. TCF will withdraw its objection to the confirmation of the plan, as modified.

3. TCF will withdraw its motion for contempt of this Court's order regarding granting access to the appraiser hired by TCF.

4. TCF will set a motion to dismiss this case for December 2, 1999. If the sale of 6 N. Trail Ct. has not been concluded by that date, the Court will dismiss this case.

5. The trustee shall pay TCF $15,000 in due course after confirmation of the plan out of the funds presently being held by the trustee, and shall pay TCF an additional $5,000 each month during the term of the plan, with the first $5,000 payment to be



made in April 1999, and with additional payments due in each subsequent month thereafter. In the event this case is dismissed, those sums shall be deemed to have been paid with respect to the arrearage.

6. The debtor shall continue to make current mortgage payments of $1,748.04 per month to TCF, and shall continue to make tax payments of $633 per month. The first mortgage payments shall be due on April 15, 1999, and additional payments will be due the 15th of each month thereafter. The next tax payment shall be due on April 15, 1999, and subsequent tax payments shall be due on the 15th of each month thereafter. All mortgage payments shall be applied first to interest due, then to any other loan charges due and then to the principal balance of the loan.

7. TCF shall provide a payoff letter without charge at debtor's request.

8. If any payment required in paragraph six (6) above is more than 30 days late, TCF may give notice of such default. Any such notice may be sent by regular mail, postage prepaid to the debtor and the trustee, and by messenger delivery to debtor's attorney. Such notice shall state that if the delinquent amount(s) are not received by TCF within 10 days of the date notice is sent, this case shall be dismissed upon TCF's motion.

9. In the event that this case is dismissed, pursuant to paragraphs 4 or 8 of this order or for any other reason, except for the successful completion of the plan, debtor shall be barred from filing any bankruptcy proceeding for 180 days following the date of the order of dismissal.

10. In the event that the property is sold pursuant to the plan, TCF shall be paid, and shall accept in full satisfaction of the indebtedness owed to TCF, an amount equal to all principal and interest then due to them, and all other amounts shown in TCF's Amended Proof of Claim, except that TCF shall only be allowed interest at the rate of 5% for the period from the date the petition was filed in this case to the date of confirmation.

11. The property may not be sold by the Debtor unless the net proceeds from such a sale which will be paid to TCF equal at least the amount of TCF's Amended Proof of Claim plus 5% interest for the period from the date the petition was filed in this case to the date of confirmation. The Debtor shall give TCF at least two weeks advance notice of any proposed sale, and shall provide TCF with a copy of any proposed sales contract before the contract is signed.

12. Nothing in this order shall be construed as preventing TCF from filing a future motion to dismiss or motion to lift the automatic stay.

The above agreement between TCF and the debtor is hereby adopted by the Court and entered.

_____
United States Bankruptcy Judge

4/1/99

Agreed:

TCF National Bank Illinois

By: _____
Bruce N. Menkes, One of its Attorneys

Debtor's Attorney

_____
Robert Adams

Debtor

_____
John A. Hanno