UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECOND AMENDED CHAPTER 13 PLAN

IN RE:                                         Case No. 98B36360
JOHN HANNO
        SOCIAL SECURITY NO. 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

1.   The Debtor submit all, or such portion of his future earnings or other future income to the control of the Trustee as is necessary for the execution of the plan, in which case the Debtor, his/her employers or other entities shall pay to the Trustee the following sums: $60,000

2.   Pursuant to an agreement entered into between the Debtor and his attorney, Robert J. Adams requests attorneys minimum fees, subject to court approval, in the sum of $2,500.

3.   Secured creditors shall be paid 100% of the value of their security as determined under paragraph five infra and unsecured creditors shall be paid a dividend of 100% of claims allowed.

4.   The term of the plan expires December 1, 999.

5.   The TCF National Bank Illinois, the first mortgagee, shall set a motion to dismiss this case for December 2, 1999. If the sale of N. Trail Court has not been concluded by December 1, 1999, the Court shall dismiss the case.

ORDER OF DISTRIBUTION OF CLAIMS

6.   After payment of costs of administration as provided by Order of Court, the following creditors have priority in the following order:

   A.   The Debtor shall be the disbursing agent for current monthly mortgage payments. Multiple current monthly mortgage payments where the trustee is the disbursing agent shall be paid pro rata. Payments are to commence the month following the filing of the case unless otherwise indicated.

   B.   The trustee shall pay the TCF National Bank Illinois $15,000 in due course after confirmation of the plan out of the funds presently being held by the trustee.

   C.   Then the trustee shall pay TCF National Bank Illinois $5,000 per month thereafter.

   D.   Then other secured claims, pro rata

   E.   Then unsecured, priority claims, pro rata.

   F.   Then non-priority, unsecured creditors, pro-rata.

7.   In the event that the property is sold pursuant to the plan, TCF National Bank Illinois shall be paid, and shall accept in full satisfaction of the indebtedness owed to TCF National Bank Illinois, an amount equal to all principal and interest then due to them, and all other amounts shown in the TCF National Bank Illinois's amended proof of claim, except that TCF National Bank Illinois shall only be allowed interest at the rate of five (5%) for the period from the date of the petition was filed in this case to the date of confirmation. The Debtor shall give TCF National Bank Illinois at least two weeks advance notice of any proposed sale, and shall provide TCF National Bank Illinois with a copy of the any proposed sales contract before the contract is signed.

8. With respect to each allowed secured claim provided for by the plan:
    A. The holder of such claim has accepted the plan;

    B. The holder of such claim retains the lien securing such claim and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim, or

    C. The Debtor surrender the property securing such claim to such holder.

9. Property of the Debtor shall revest in the Debtor upon confirmation of this plan.

10. Except for claims secured only be a security interest in real property that is the debtor's principal residence where the last payment is due after the completion of the plan, upon completion of payment of the secured portion of any claim, the property securing said claim shall vest in the debtor free and clear of any lien, claim or interest of a secured creditor. If the security is property for which a release of title is necessary, upon satisfaction of said secured claim, the secured creditor shall furnish a release of said title to the debtor.

11. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of this Title on such date.

DATED: April 1, 1999

(X) _____
    Robert J. Adams, One of the Attorneys for John Hanno, the Debtor herein.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) IN A CHAPTER 13 PROCEEDING |
| JOHN HANNO | ) |
| | ) No. 98B36360 |
| | ) |
| Debtor(s) | ) JUDGE JACK B. SCHMETTERER |
| | ) |

### PROOF OF SERVICE BY FAX

A copy of the attachments were FAXed from (312) 346-6228 at 105 W. Madison, Chicago, Illinois, and said FAX was received by the receiptant, by

___PETER CASTANEDA___, a non-attorney or _____, an attorney

Date of Service: __4-2-99__      Signature: _____

A non-attorney, under oath; an attorney, by certification

SUBSCRIBED AND SWORN to before me, __4-2__, 199_9_

_____, NOTARY PUBLIC

```
"OFFICIAL SEAL"
ELIZABETH MARGARET ADAMS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/20/99
```

Craig Phelps, trustee
11 East Adams, 15th Floor
Chicago, Illinois 60603

Davidson Mandell & Menkes
303 Est Madison St, Suite 1900
Chicago, IL 60606
FAX 312-251-1010

Standard Federal Bank/TCF
4192 South Archer
Chicago, IL

Numark Credit Union
1654 Terry Drive
Joiet, IL 60434-2729

Robert J. Adams & Associates, 105 W. Madison, Suite 1100, Chicago, Illinois 60602 (312) 346-0100