E C    JUN 0 8 2000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | 98 B 36360 |
| JOHN A. HANNO | ) | |
| | ) | The Honorable |
| Debtor. | ) | Jack Schmetterer |

**EMERGENCY MOTION OF DEBTOR PURSUANT TO
BANKRUPTCY RULE 9024 TO VACATE ORDER DISMISSING BANKRUPTCY
AND FOR OTHER RELIEF**

Debtor, John A. Hanno, by and through his attorneys, Forrest L. Ingram and Julie A. Boynton, move this Honorable Court pursuant to Rule 9024 of the Bankruptcy Code of Civil Procedure, to vacate its order dismissing this case, to enter an order staying eviction of Debtor from his primary residence, to prevent TCF National Bank Illinois from transferring or otherwise impairing Debtor's property, grant Debtor a 120 day extension of time in which to sell his property, and for other relief. In support thereof Debtor states as follows:

1. Debtor filed for Chapter 13 relief under the United States Bankruptcy Code on November 12, 1998.

2. At the time of filing, TCF National Bank Illinois ("TCF") was a creditor of Debtor holding the first mortgage on Debtor's principle residence.

3. TCF and Debtor have been involved in very contentious and adversarial litigation in the Circuit Court for the past several years in which Debtor accused TCF of violations of various federal lending statutes and other improper conduct.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 7 2000

WAYNE E. NELSON, CLERK
PS REP. - PS

4. Shortly after Debtor filed for Chapter 13 relief, TCF filed a motion to dismiss Debtor's bankruptcy and to bar Debtor for 180 days from filing for relief under the Bankruptcy Code.

5. On or about April 1, 1999, TCF and Debtor entered into a stipulated order whereby, among other provisions, Debtor agreed to sell his residence by December 1, 1999, to make certain payments to TCF, and TCF agreed to provide Debtor with a payoff letter so that the property could be sold.

6. Debtor has a housemate named Christine Reitz who agreed to purchase the property from Debtor.

7. Ms. Reitz applied for financing to purchase the property from Debtor.

8. Based upon the interaction with the various lending institutions, Debtor came to believe TCF was interfering with financing of the property in order to prevent Debtor from complying with the stipulated order but was unable to obtain any concrete evidence of wrongful conduct on the part of TCF.

9. Debtor has recently discovered evidence with proves that TCF engaged in a course of conduct to prevent Debtor from fulfilling his obligation under the stipulated order to sell his residence by December 1, 1999 in order to wrongfully gain possession of the property and, on information and belief, to punish Debtor for the suit he had filed against TCF.

10. On or about December 2, 1999, this court dismissed Debtor's Chapter 13 case based solely on Debtor inability to comply with the stipulated order and sell his property by December 1, 1999.

11. On or about December 9, 1999, TCF proceeded in the Circuit Court of Cook County to confirm the earlier foreclosure sale of Debtor's residence in which TCF was the high bidder. Debtor is appealing the foreclosure action in the Circuit Court. TCF has since moved to have Debtor evicted from his residence.

12. Attached hereto as **Exhibit A** and hereby made a part of this motion is the recently obtained affidavit of Steve Greiff, a loan officer of Fieldstone Mortgage, which proves that during the term of the stipulated order TCF engaged in a course of conduct to impair Debtor's ability to sell his property to Christina Reitz.

13. Rule 9024 which incorporates Rule 60(b) of the Federal Rules of Civil Procedure provides relief from final orders under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

14. Debtor moves this Honorable Court to vacate its December 2, 1999 dismissal of his case based upon the newly discovered evidenced that TCF was engaged in a course of conduct intended to and did frustrate Debtor's ability to comply with the stipulated order and based upon the misconduct of TCF.

15. The conduct of TCF in refusing to give a payoff letter to Fieldstone Mortgage and telling Fieldstone Mortgage TCF would not permit any transaction for sale involving Christina Reitz was wrongful and breached TCF's duty under the stipulated order to act in good faith and deal fairly with Debtor.

3

16. On information and belief, Debtor asserts that TCF acted in a similar nature with other lenders to prevent Debtor from timely complying with the stipulated order by discouraging lenders to provide financing to Christina Reitz in order to wrongfully gain possession of Debtor's residence.

17. As a direct result of TCF's wrongful conduct and intentional frustration of Debtor's efforts to sell his property, Debtor's bankruptcy was dismissed and TCF was able to confirm the foreclosure sale in Circuit Court.

18. The conduct of TCF was malicious, and spiteful and intended to harm Debtor.

19. Debtor has suffered grievous harm including but not limited to severe emotional suffering, financial loss including incurring significant legal costs and fees, and loss of his primary residence.

WHEREFORE Debtor respectfully requests that this Honorable Court find that TCF acted to frustrate Debtor's ability to comply with the April 2, 1999 stipulated order and enter an order vacating the order of dismissal of Debtor's Chapter 13 case, enter an order staying TCF's attempts to evict Debtor from his primary residence, enter an order mandating that TCF sell to Debtor or Debtor's designate his primary residence at the price which TCF paid at the foreclosure sale within the next 120 days, enter a money judgment in favor of Debtor and against TCF to compensate Debtor for the damages caused by TCF's wrongful conduct including a sum of money to punish TCF for its intentional and malicious injury to Debtor and to grant Debtor such other and further relief as may be just and equitable.

Respectfully submitted,

JOHN A. HANNO

By: One of his attorneys

Forrest L. Ingram
Julie A. Boynton
Forrest L. Ingram, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
312/759-2838

5