IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | 98 B 36360 |
| JOHN A. HANNO ) | |
| ) | The Honorable |
| Debtor. ) | Jack Schmetterer |

**EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Debtor, John A. Hanno, by and through his attorneys, Forrest L. Ingram and Julie A. Boynton, moves this Honorable Court for injunctive relief. In support thereof, Debtor states as follows:

1. Debtor filed for Chapter 13 relief under the United States Bankruptcy Code on November 12, 1998.

2. At the time of filing, TCF National Bank Illinois ("TCF") was a creditor of Debtor holding the first mortgage on Debtor's principle residence.

3. TCF and Debtor have been involved in very contentious and adversarial litigation in the Circuit Court for the past several years in which Debtor accused TCF of violations of various federal lending statutes and other improper conduct.

4. Shortly after Debtor filed for Chapter 13 relief, TCF filed a motion to dismiss Debtor's bankruptcy and to bar Debtor for 180 days from filing for relief under the Bankruptcy Code.

5. On or about April 1, 1999, TCF and Debtor entered into a stipulated order whereby, among other provisions, Debtor agreed to sell his residence by December 1, 1999, to make certain payments to TCF, and TCF agreed to provide Debtor with a payoff letter so that the property could be sold.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 07 2000
WAYNE E. NELSON, CLERK
FS RCP. - FS

6. Debtor has a housemate named Christine Reitz who agreed to purchase the property from Debtor.

7. Ms. Reitz applied for financing to purchase the property from Debtor.

8. Based upon the interaction with the various lending institutions, Debtor came to believe TCF was interfering with financing of the property in order to prevent Debtor from complying with the stipulated order but was unable to obtain any concrete evidence of wrongful conduct on the part of TCF.

9. Debtor has recently discovered evidence with proves that TCF engaged in a course of conduct to prevent Debtor from fulfilling his obligation under the stipulated order to sell his residence by December 1, 1999 in order to wrongfully gain possession of the property and, on information and belief, to punish Debtor for the suit he had filed against TCF.

10. On or about December 2, 1999, this court dismissed Debtor's Chapter 13 case based solely on Debtor inability to comply with the stipulated order and sell his property by December 1, 1999.

11. On or about December 9, 1999, TCF proceeded in the Circuit Court of Cook County to confirm the earlier foreclosure sale of Debtor's residence in which TCF was the high bidder. Debtor is appealing the foreclosure action in the Circuit Court. TCF has since moved to have Debtor evicted from his residence.

12. Attached hereto as **Exhibit A** and hereby made a part of this motion is the recently obtained affidavit of Steve Greiff, a loan officer of Fieldstone Mortgage, which proves that during the term of the stipulated order TCF engaged in a course of conduct to impair Debtor's ability to sell his property to Christina Reitz.

13. Debtor has filed a motion pursuant to Rule 9024 to vacate its December 2, 1999 dismissal of his case based upon the newly discovered evidenced that TCF was engaged in a course of conduct intended to and did frustrate Debtor's ability to comply with the stipulated order and based upon the misconduct of TCF.

14. The conduct of TCF in refusing to give a payoff letter to Fieldstone Mortgage and telling Fieldstone Mortgage TCF would not permit any transaction for sale involving Christina Reitz was wrongful and breached TCF's duty under the stipulated order to act in good faith and deal fairly with Debtor.

15. On information and belief, Debtor asserts that TCF acted in a similar nature with other lenders to prevent Debtor from timely complying with the stipulated order by discouraging lenders to provide financing to Christina Reitz in order to wrongfully gain possession of Debtor's residence.

16. As a direct result of TCF's wrongful conduct and intentional frustration of Debtor's efforts to sell his property, Debtor's bankruptcy was dismissed and TCF was able to confirm the foreclosure sale in Circuit Court.

17. The conduct of TCF was malicious, and spiteful and intended to harm Debtor.

18. The Circuit Court of Cook County has granted TCF an order of possession and, on information and belief, said order has been placed with the Sheriff to evict Debtor.

19. Debtor has no adequate remedy at law.

20. Debtor will suffer immediate and irreparable harm if this court does not grant Debtor immediate relief by staying all actions to evict Debtor from his home and enjoining TCF from transferring or otherwise disposing of Debtor's property.

WHEREFORE Debtor John Hanno respectfully requests that this Honorable Court enter an order:

(a) restraining TCF from executing its order of possession;

(b) entering a preliminary and permanent injunction against TCF enjoining it from transferring or otherwise disposing of Debtor's primary residence without further order of this Court;

(c) granting Debtor such other and further relief as may be just and equitable.

Respectfully submitted,

JOHN A. HANNO

By: One of his attorneys

Forrest L. Ingram
Julie A. Boynton
Forrest L. Ingram, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
312/759-2838

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
) 98 B 36360
JOHN A. HANNO )
) The Honorable
Debtor. ) Jack Schmetterer

### AFFIDAVIT OF STEVE GREIFF

I, Steve Greiff, on my oath, do state and depose as follows:

1. I make this affidavit based upon my personal knowledge of the facts contained herein and would testify to said facts in a court of competent jurisdiction.

2. I am a loan officer for Fieldstone Mortgage Company, 1430 Branding Lane, Suite 120, Downers Grove, Illinois 60515.

3. Between April 1, 1999 and December 1, 1999, I was approached by Mr. John A. Hanno and Christina Reitz to provide a mortgage for property located at 6 North Trail in Lemont, Illinois 60439.

4. In order to finance the property, I needed to obtain a payoff letter from TCF Bank who was the first mortgage holder on the Lemont property.

5. I called Brian Jensen who normally would provide the payoff letters for TCF Bank.

6. Mr. Jensen said he would not issue a payoff letter to me on the Lemont property.

7. I asked Mr. Jensen if his refusal was related to the lawsuit which Mr. John Hanno had pending against the TCF Bank and Mr. Jensen said his refusal to provide the



EXHIBIT A

payoff letter was related to the lawsuit but that he could provide no additional information to me.

8. Mr. Jensen further told me TCF Bank considered Christina Reitz John Hanno's common law wife and that TCF Bank would not permit a transaction involving her to take place.

9. As a result of what Mr. Jensen told me and TCF Bank's refusal to provide a payoff letter to Fieldstone Mortgage, I could not take further action to process Christina's loan application.

10. I believe Fieldstone Mortgage may have been able to provide financing to Christina in an amount at least equal to the first mortgage of $440,000.00 had I been provided with the payoff amount which TCF Bank was withholding.

FURTHER AFFIANT SAYETH NOT

*Steve Greiff* (signature)
Steve Greiff

Signed and sworn
Before me this 6th
Day of June, 2000.

*(signature)*
Notary Public

OFFICIAL SEAL
MARY M. JAHNKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-31-2004

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | 98 B 36360 |
| JOHN A. HANNO ) | |
| ) | The Honorable |
| Debtor. ) | Jack Schmetterer |
| ) | |
| ) | |
| John A. Hanno ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TCF National Bank Illinois, ) | |
| ) | |
| Defendant. ) | |

## ADVERSARY FOR INJUNCTIVE RELIEF

Debtor, John A. Hanno, by and through his attorneys, Forrest L. Ingram and Julie A. Boynton, move this Honorable Court pursuant to Bankruptcy Rule 7001 (7) complaining against TCF, states as follows:

1. This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and §157(a) and Local Rule 2.33.

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. 157(a) (2)(A), (E), (H), and (O).

4. Debtor filed for Chapter 13 relief under the United States Bankruptcy Code on November 12, 1998.

5. At the time of filing, TCF National Bank Illinois ("TCF") was a creditor of Debtor holding the first mortgage on Debtor's principle residence.

6. TCF and Debtor have been involved in very contentious and adversarial litigation in the Circuit Court for the past several years in which Debtor accused TCF of violations of various federal lending statutes and other improper conduct.

7. Shortly after Debtor filed for Chapter 13 relief, TCF filed a motion to dismiss Debtor's bankruptcy and to bar Debtor for 180 days from filing for relief under the Bankruptcy Code.

8. On or about April 1, 1999, TCF and Debtor entered into a stipulated order whereby, among other provisions, Debtor agreed to sell his residence by December 1, 1999, to make certain payments to TCF, and TCF agreed to provide Debtor with a payoff letter so that the property could be sold.

9. Debtor has a housemate named Christine Reitz who agreed to purchase the property from Debtor.

10. Ms. Reitz applied for financing to purchase the property from Debtor.

11. Based upon the interaction with the various lending institutions, Debtor came to believe TCF was interfering with financing of the property in order to prevent Debtor from complying with the stipulated order but was unable to obtain any concrete evidence of wrongful conduct on the part of TCF.

12. Debtor has recently discovered evidence with proves that TCF engaged in a course of conduct to prevent Debtor from fulfilling his obligation under the stipulated order to sell his residence by December 1, 1999 in order to wrongfully gain possession of the property and, on information and belief, to punish Debtor for the suit he had filed against TCF.

13. On or about December 2, 1999, this court dismissed Debtor's Chapter 13 case based solely on Debtor inability to comply with the stipulated order and sell his property by December 1, 1999.

14. On or about December 9, 1999, TCF proceeded in the Circuit Court of Cook County to confirm the earlier foreclosure sale of Debtor's residence in which TCF was the high bidder. Debtor is appealing the foreclosure action in the Circuit Court. TCF has since moved to have Debtor evicted from his residence.

15. Attached hereto as **Exhibit A** and hereby made a part of this motion is the recently obtained affidavit of Steve Greiff, a loan officer of Fieldstone Mortgage, which proves that during the term of the stipulated order TCF engaged in a course of conduct to impair Debtor's ability to sell his property to Christina Reitz.

16. Debtor has filed a motion pursuant to Rule 9024 to vacate its December 2, 1999 dismissal of his case based upon the newly discovered evidenced that TCF was engaged in a course of conduct intended to and did frustrate Debtor's ability to comply with the stipulated order and based upon the misconduct of TCF.

17. The conduct of TCF in refusing to give a payoff letter to Fieldstone Mortgage and telling Fieldstone Mortgage TCF would not permit any transaction for sale involving Christina Reitz was wrongful and breached TCF's duty under the stipulated order to act in good faith and deal fairly with Debtor.

18. On information and belief, Debtor asserts that TCF acted in a similar nature with other lenders to prevent Debtor from timely complying with the stipulated order by discouraging lenders to provide financing to Christina Reitz in order to wrongfully gain possession of Debtor's residence.

19. As a direct result of TCF's wrongful conduct and intentional frustration of Debtor's efforts to sell his property, Debtor's bankruptcy was dismissed and TCF was able to confirm the foreclosure sale in Circuit Court.

20. The conduct of TCF was malicious, and spiteful and intended to harm Debtor.

21. The Circuit Court of Cook County has granted TCF an order of possession and, on information and belief, said order has been placed with the Sheriff to evict Debtor.

22. Debtor has no adequate remedy at law.

23. Debtor will suffer immediate and irreparable harm if this court does not grant Debtor immediate relief by staying all actions to evict Debtor from his home and enjoining TCF from transferring or otherwise disposing of Debtor's property.

WHEREFORE Debtor John Hanno respectfully requests that this Honorable Court enter an order:

(a) restraining TCF from executing its order of possession;

(b) entering a preliminary and permanent injunction against TCF enjoining it from transferring or otherwise disposing of Debtor's primary residence without further order of this Court;

(c) granting Debtor such other and further relief as may be just and equitable.

Respectfully submitted,

JOHN A. HANNO

By: One of his attorneys

Forrest L. Ingram
Julie A. Boynton
Forrest L. Ingram, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
    24. 312/759-2838

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: )
)
JOHN A. HANNO ) 98 B 36360
)
) The Honorable
Debtor. ) Jack Schmetterer

## AFFIDAVIT OF STEVE GREIFF

I, Steve Greiff, on my oath, do state and depose as follows:

1. I make this affidavit based upon my personal knowledge of the facts contained herein and would testify to said facts in a court of competent jurisdiction.

2. I am a loan officer for Fieldstone Mortgage Company, 1430 Branding Lane, Suite 120, Downers Grove, Illinois 60515.

3. Between April 1, 1999 and December 1, 1999, I was approached by Mr. John A. Hanno and Christina Reitz to provide a mortgage for property located at 6 North Trail in Lemont, Illinois 60439.

4. In order to finance the property, I needed to obtain a payoff letter from TCF Bank who was the first mortgage holder on the Lemont property.

5. I called Brian Jensen who normally would provide the payoff letters for TCF Bank.

6. Mr. Jensen said he would not issue a payoff letter to me on the Lemont property.

7. I asked Mr. Jensen if his refusal was related to the lawsuit which Mr. John Hanno had pending against the TCF Bank and Mr. Jensen said his refusal to provide the



payoff letter was related to the lawsuit but that he could provide no additional information to me.

8. Mr. Jensen further told me TCF Bank considered Christina Reitz John Hanno's common law wife and that TCF Bank would not permit a transaction involving her to take place.

9. As a result of what Mr. Jensen told me and TCF Bank's refusal to provide a payoff letter to Fieldstone Mortgage, I could not take further action to process Christina's loan application.

10. I believe Fieldstone Mortgage may have been able to provide financing to Christina in an amount at least equal to the first mortgage of $440,000.00 had I been provided with the payoff amount which TCF Bank was withholding.

FURTHER AFFIANT SAYETH NOT

*Steve Greiff*

Signed and sworn
Before me this 6th
Day of June, 2000.

*Mary M Jahnke*
Notary Public

OFFICIAL SEAL
MARY M. JAHNKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-31-2004