IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
) 98 B 36360
JOHN A. HANNO )
) The Honorable
Debtor. ) Jack Schmetterer

## MEMORANDUM IN SUPPORT OF
## DEBTOR'S MOTION FOR 60(b) RELIEF

Debtor John A. Hanno, by and through his attorneys, Forrest L. Ingram and Julie A. Boynton for his memorandum in support of his motion for Rule 60(b) relief states as follows:

### I. THE TRIAL COURT HAS JURISDICITON TO HEAR DEBTOR'S 60(b) MOTION PREDICATED ON NEWLY DISCOVERED EVIDENCE

While no case law is available on point with respect to the Bankruptcy Court's jurisdiction to hear a motion based upon Bankruptcy Rule 9024 (which incorporates) Rule 60(b) of the Federal Rules of Civil Procedure for a matter which is on appeal from the Bankruptcy Court to the District Court, there is case law available with respect to the bringing of Rule 60(b) motions in the District Court where an appeal is pending in the 7th Circuit. Debtor asserts the underlying premises are applicable by analogy. A trial court has jurisdiction to hear a motion vacating the judgment pursuant to Fed. R. Civ. P. 60(b) during the pendency of an appeal of that judgment. Standard Oil of California v. U.S., 429 U.S. 17, 18-19, 97 S.Ct. 31, 32, (1976); SEC v. Advance Growth Capital Corp., 539 F.2d 649, 650 (7th Cir. 1976), overruled in part on other grounds United States v. City of Chicago, 663 F.2d *1354,* 1359 (7th Cir.1981). The Seventh Circuit in its *Practioner's Handbook for Appeals to the Court of Appeals for the Seventh Circuit* informs litigants on page



25 of that book that: 'A party may file a motion under Rule 60 (b) directly in the district court at any time during the pendency of an appeal without seeking prior leave of the appellate court, and the district court has jurisdiction to consider the motion."

Debtor has followed the correct procedures in this situation where an appeal is pending and Debtor seeks to vacate the same judgment through a Rule 60(b) motion. Even though a notice of appeal has been filed in this case, this court has jurisdiction to consider Rule 60(b) motions. Brown v. United States, 976 F.2d 1104, 1110-11 (7th Cir. 1992). The Seventh Circuit has described the procedure to be followed:

> [W]hen an appeal is pending from a final judgment, parties may file Rule 60(b) motions directly in the district court without seeking prior leave from [the Seventh Circuit] The district court is directed to review such motions expeditiously, within a few days of their filing, and quickly deny those which appear to be without merit, bearing in mind that any delay in ruling could delay the pending appeal. If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Armed with this, movant may then request this court to remand the action so that the district court can vacate judgment and proceed with the action accordingly.

Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1211 (7th Cir. 1989) (citations omitted)

A remand is only necessary if the district court is inclined to grant the relief. Textile Banking Co. v. Rentchler, 657 F.2d 844, 849. 50 (7th Cir. 1981) citing Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39 (1st Cir. 1979); Pioneer Ins. Co. v. Gelt, 558 F.2d 1303 (8th Cir. 1977); Lairsey v. Advance Abrasives Co., 542 F.2d 928 (5th Cir. 1976); First Nat. Bank v. Hirsch, 535 F.2d 343 (6th Cir. 1976); Washington v. Bd. of Education, 498 F.2d 11(7th Cir. 1974); Salsbury v. United States, 123 U.S.App.D.C. 69. 356 F.2d 822 (D.C.Cir.1966); Aune v. Reynders, 344 F.2d 835 (10th Cir. 1965) (but see Norman v. Young, 422 F.2d 470 (10th Cir. 1970)). Rentchler, 657 F.2d at 849.

Accordingly, if this court determines that Debtor's Rule 9024 has merit, it will issue a memorandum to that effect and the matter will be remanded from the District Court for appropriate hearing and entry of judgment in the Bankruptcy Court.

**II. DEBTOR IS ENTITLED TO RULE 9024 RELIEF BASED UPON THE NEWLY DISCOVERED EVIDENCE WHICH DEMONSTATES THAT TCF BANK ENGAGED IN MISCONDUCT AND FRAUD TO FRUSTRATE DEBTOR'S ABILITY TO COMPLY WITH THE AGREED STIPULATED ORDER.**

TCF bank engaged in a clandestine course of conduct designed to frustrate Debtor's ability to fulfill the terms of the stipulated order in order to punish Debtor for his ongoing litigation with the Bank so that Debtors case would be dismissed and it could take Debtor's residence from him.

Fed. R. Civ. P 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . misrepresentation, or other misconduct of an adverse party . . .

Under the terms of the stipulated order, Debtor was to have from April 1, 1999 until December 1, 1999 in which to sell his primary residence and pay off TCF. At the time the order was entered, Debtor lived in his primary residence with an individual name Christina Reiss. In addition to living in the premises, Debtor and Ms. Reiss operated businesses from the premises which was the primary source of income for each person. Debtor and Ms. Reiss agreed she would obtain a mortgage to pay off the debt owed TCF, so that she and Debtor could retain the home. Because there was a substantial amount of equity in the property, Debtor believed financing was not going to be a problem. Accordingly, Ms. Reiss began making application to various lending institutions. While initially Ms. Reiss would get a favorable indication from lending institutions and brokers that funds would be available for a mortgage, she was repeatedly rejected for financing without a valid reason. The lending institutions would give reasons such as the lending program she had applied under was no longer available or had been discontinued. Debtor and Ms. Reiss believed that there was an underlying problem affecting the lending institutions, but could not ascertain what the problem was. These rejections caused delays in Debtor's and Ms. Reiss's ability to timely obtain financing and to close by December 1, 1999. Ms. Reiss was eventually

3

able to secure a financing commitment sufficient to pay off TCF in full before December 1, 1999, but was unable to close on the property in part because TCF was delaying in providing a payoff letter claiming it never received a request for a payoff letter, when in fact it had. TCF moved to dismiss Debtor's bankruptcy on December 2, 1999. Debtor attempted to explain to the court that he had a purchaser with a mortgage commitment sufficient to take out TFC, but, as Debtor respectfully suggests, this court misunderstood the loan commitments which Debtor wished to present and refused to allow Debtor or his counsel to address the court to explain the loan commitments. This court then dismissed Debtor's bankruptcy, and TCF was allowed to proceed with confirmation of its foreclosure sale. The order dismissing Debtor's bankruptcy is currently on appeal to the District Court.

Subsequent to the order dismissing Debtor's bankruptcy, Debtor learned the reason why Ms. Reiss was having such difficulty with the lending institutions who initially appeared so favorable but then unexpectedly rejected her loan applications or provided excuses for not lending to her. One of the loan officers, a Mr. Steve Grieff, informed Debtor that the underlying reason for the refusal of his company to secure the mortgage for Ms. Reiss was a communication from TCF. Ms. Reiss applied for a mortgage with Fieldstone Mortgage Company who accepted her application. In processing the loan application, Fieldstone called TCF to get a payoff letter. At that time, TCF refused to provide a payoff and further told the lender that it would not permit a transaction involving the purchase of the property by Ms. Reiss to take place. Based upon the phone call to TCF, Fieldstone failed to proceed any further with Ms. Reiss's loan application. At the time, neither Ms. Reiss or Debtor were advised about the phone call to TCF or what TCF was telling potential lenders; instead, Ms. Reiss was told by Fieldstone that the loan program she was applying for was no longer available. Had Debtor been advised about TCF's conversation with Fieldstone Mortgage at the time, Debtor would have gone to this Court to seek immediate relief demanding that TCF produce a payoff letter and to enjoin TCF from acting to prevent Ms. Reiss

4

from securing financing. Debtor did not find out about the underlying loan problems until after the entry of the order dismissing his case based upon Debtor's failure to comply with the order to have the home sold by December 1, 1999. It is Debtor's belief that other lenders received similar communications from TCF and were likewise unable to obtain payoff information. Unfortunately, at this time this memorandum is being draft, no other lenders have been willing to provide Debtor with information about their interactions with TCF.

It is clear from Mr. Greiff's affidavit that Fieldstone was a willing lender who changed its position by reason of the negative information and attitude conveyed by TCF. Had TCF not wrongfully interfered, Ms. Reiss would have obtained financing from Fieldstone and Debtor's bankruptcy would not have been dismissed. Giving the best possible interpretation to TCF, TCF's wrongful conduct at a minimum delayed Debtor's ability to comply with the agreed order. TCF's interference with Ms. Reiss's loan application was clearly improper and a breach of the implied covenant of good faith and fair dealing ascribed to every Illinois contract. Debtor should not be penalized for TCF's wrongful conduct and TCF, having come to this court of equity with unclean hands, should not have been rewarded for its wrongful conduct.

Debtor seeks to have the order dismissing his bankruptcy vacated. Debtor seeks to actualize the opportunity which was agreed to in the stipulation—namely, to pay off TCF's mortgage (after an accounting) and have ownership and possession of his primary residence.

In considering Debtor's Rule 9024 motion, this court should take particular notice of what a difficult obstacle Debtor has overcome in being able to obtain the affidavit of Mr. Greiff. It is a rare occasion indeed when a lender is willing to come forward and offer such clear, unambiguous evidence related to an institution's interference with an institution's interference with an underlying loan application process.

Debtor has presented competent evidence from an independent third party to this court substantiating that TCF acted in bad faith and frustrated Debtor's ability to comply with stipulated

5

order by preventing or delaying financing. Debtor is entitled to the relief he seeks under 60(b).

### III. ROOKER-FELDMAN DOES NOT BAR DEBTOR'S REQUEST FOR RELIEF

During initial presentment of Debtor's Rule 9024 motion, this court questioned whether Rooker-Feldman barred Debtor from seeking the relief he requests. The Rooker Feldman doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments. Maple Lanes, Inc. v. Messer, 186 F.3d 823, 825 (7th Cir. (Ill.) 1999) citing See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, (1983). In assessing the applicability of the Rooker Feldman doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir.1996).

Debtor asserts that the injury he alleges in his motion for Rule 9024 relief is separate and distinct from the state court judgment of foreclosure. In fact, the injury alleged by Debtor could not have resulted from the state court judgment because that judgment was entered subsequent to the dismissal of Debtor's bankruptcy.[1] For purposes of his Rule 9024 motion only, Debtor concedes that presently, under state law, TCF holds title to the property in question and has been issued a sheriff's deed. Debtor's Rule 9024 motion is not a direct or collateral attack on the foreclosure proceedings.

Debtor's Rule 9024 motion is a direct attack on the order of the Bankruptcy Court dismissing his case for his failure to comply with the stipulated order between Debtor and TCF. If

---

[1] Debtor is seeking to vacate the judgment of the state court confirming the confirmation of the foreclosure sale in part because TCF filed its motion to confirm its foreclosure on December 6, 1999, one day before Debtor's bankruptcy case was dismissed. Accordingly, the automatic stay was still in place and any order arising from that motion filed in violation of the automatic stay is void. However, for purposes of Debtor's Rule 9024 motion, Debtor is not addressing or asking this court to address the propriety of the state court order. Rather, Debtor is seeking to vacate his order of dismissal and obtain equitable relief.

6

Debtor is successful and this court finds that TCF improperly and wrongfully frustrated Debtor's ability to comply with the stipulated order by interfering with potential lenders or causing delay in Debtor's ability to close on the property, Debtor is seeking an equitable remedy.

The bankruptcy court, acting as a court of equity in enforcing an earlier judgment, has the power to fashion a remedy to do complete justice and to make the injured party whole. Pearson Bros. Co., Inc. v. Pearson 113 B.R. 469, 481, (C.D.Ill. 1990) citing Walters v. Marathon Oil Co., 642 F.2d 1098, 1100 (7th Cir.1981); United States v. Board of Education of City of Chicago, 588 F.Supp. 132, 239 (N.D.Ill.1984); Goldberg v. Medtronic, Inc., 686 F.2d 1219, 1229 (7th Cir.1982); International Union, etc. v. Local Union No. 589, 693 F.2d 666, 675 (7th Cir.1982). An equity court ... has broad powers to fashion a remedy to redress a fraud committed upon [a plaintiff] and the court itself. Select Creations, Inc. v. Paliafito America, Inc.,, 852 F.Supp. 740, 771 (E.D.Wis. 1994). Debtor is not asking the court to vacate the foreclosure sale or in any way adjudicate any portion of what went on in the state court proceedings. Instead, Debtor is asking this court, since TCF was high bidder at the foreclosure sale and current owner of the property, that TCF be required to allow Debtor to purchase the property from TCF at an amount equal to TCF's prior mortgage (subject to an accounting). This is an appropriate equitable remedy because both TCF and Debtor will have what each would have had but for TCF's wrongful conduct. That is, Debtor would have ownership and possession of his property and TCF would be paid its mortgage note in full. It is a just remedy which will allow each party to be made whole.

     For all the reasons stated above, Debtor respectfully asks that this Honorable Court prepare a memorandum for the District Court indicating it will consider Debtor's Rule 9024 motion and grant Debtor such other and further relief as may be just and equitable.

Respectfully submitted,

By: One of his attorneys

Forrest L. Ingram
Julie A. Boynton
Forrest L. Ingram, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
312/759-2838