EOD JUL 21 2000

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 21 2000
WAYNE E. NELSON, CLERK
PS REP. - NC

| | | |
|---|---|---|
| In re: | ) | |
| | ) | 98 B 36360 |
| JOHN A. HANNO | ) | |
| | ) | The Honorable |
| Debtor. | ) | Jack Schmetterer |

EMERGENCY MOTION OF DEBTOR TO EXTEND TIME TO COMPLY WITH PRE TRIAL ORDER AND TO RE-SET TRIAL DATE

Debtor, John A. Hanno, by and through his attorneys, Forrest L. Ingram and Julie A. Boynton, move this Honorable Court to extend the time to comply with the pretrial order and to re-set the trial date. In support thereof Debtor states as follows:

1. On or about June 28, 2000, this court entered a pretrial order requiring among other obligations that TCF tender its entire file to counsel for Debtor no later than July 14, 2000.

2. On or about July 13, 2000, counsel for TCF requested that Debtor execute a protective order before tendering the discovery. This matter had not been discussed at the earlier court hearing on the pretrial order.

3. Counsel for Debtor had no objection to the entry of a reasonable protective order. Counsel for TCF initially indicated that no files would be produced without the entry of a protective order.

4. Counsel for Debtor received an unacceptable protective order on July 14, 2000 and Counsel for Debtor communicated with TCF's counsel to try and resolve differences related to the order. See Exhibit A.

5. After some protracted telephone discussion, it was Counsel for Debtor's understanding that TCF would tender the files without the protective order.

6. After 6:00 p.m. on July 14, 2000, Counsel for Debtor was notified that the files were not being tendered but only being made available for inspection. Further, Counsel for TCF indicated while he would be in over the weekend but could not provide any specific times he could be contacted. See Exhibit B.

7. While Counsel for TCF repeatedly emphasized in letters that they were willing to make documents available, the documents were not made available.

8. Counsel for Debtor had expected TCF to have tendered the files on Friday as required by the pre-trial order so that on Saturday she could review the files with her client. As this Court is aware, it was very important that the files be tendered timely because there was only limited time for review of the files and necessary investigation and preparation for trial.

9. As a result, the files were not made available for review by Debtor's counsel until Monday. Unfortunately, Debtor's counsel was not available to inspect the files on Monday or Tuesday because she had prior commitments requiring her to be downstate Illinois Monday and in the collar counties Tuesday. See Exhibit C.

10. Debtor's counsel had intended to review files Saturday and take relevant documents with her downstate to prepare for investigation and trial.

11. Early Monday morning, Debtor's counsel clerk and Debtor went to inspect TCF files. Many of the files were unreadable as were some of the microfiche. Debtor's clerk asked for readable copies but were told none were available.

12. TCF indicated it would make copies of documents which Debtor listed. On July 17, 2000, a copy of the list of documents Debtor requested was prepared and submitted to TCF. While TCF indicates Debtor did not timely submit the list of copies to TCF a copy of the list was fax dated July 17, 2000 pursuant to TCF's request. See Exhibit D.

13. On July 20, 2000, TCF had still not indicated that the files were copied and ready for pick-up. Accordingly, Debtor's counsel wrote to TCF and requested to know when the copies would be available.

14. On July 21, 2000, Debtor's counsel finally received a letter confirming the copies were made and ready to be picked up. See Exhibit E.

15. Counsel for Debtor made immediate arrangements to pick up the copied documents.

16. This Court had previously ordered documents to be made available July 14, 2000 so that findings of facts and law and exhibits could be filed July 24, 2000.

17. Due to the delay in receiving the documents, it is impossible for counsel for Debtor to comply with the pretrial order since review of the documents and investigation is still necessary.

18. Further, many of the documents produced are illegible and readable copies need to be produced. Further, privilege logs still have not been tendered.

WHEREFORE Debtor John Hanno respectfully requests that this Honorable Court enter an order granting Debtor time to review the discovery which has been produced and conduct adequate investigation, extending the time for filing findings of

facts, conclusions of law and exhibits and resetting the trial date. Debtor asks for such other and further relief as may be just and equitable.

Respectfully submitted,

JOHN A. HANNO

By: One of his attorneys

Forrest L. Ingram
Julie A. Boynton
Forrest L. Ingram, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
312/759-2838

**FORREST L. INGRAM, P.C.**

79 W. MONROE, SUITE 1210
CHICAGO, IL 60603
PHONE: 312/759-2838
FAX: 312/759-0298

**MEMORANDUM**

**TO:** KEN WYSOCKI

**FROM:** JULIE A. BOYNTON

**SUBJECT:** PRODUCTION OF TCF FILE IN HANNO CASE

**DATE:** 7/14/00

**CC:** JOHN HANNO

Dear Ken,

With respect to the Protective Order, it is our position that the Protective Order tendered to us is far too comprehensive. We have objection to the following provisions:

1. We object to all documents produced by TCF as being designated as confidential. Only those documents which are actually confidential should be the subject of the order. We suggest that documents in which the Bank in "good faith" contends are confidential be so marked. There should also be a provision whereby we can contest the confidentiality asserted by TCF.

2. We object to you limiting disclosure to only Hanno, myself and Forrest. We should be able to have experts, consultants etc. review documents as we determine necessary. We object to the finding of the entry of an order of contempt without notice or hearing.

3. We object to all depositions being confidential and maintain only those portions containing confidential matters should be so restricted.

4. We object to paragraph 11 as we do not intend to be police for TCF.

5. We object to our client and us being precluded from making and retaining copies of the discovery produced to us.

With respect to production of the TCF file. We expect TCF to produce its entire record. To the extent you claim a privilege, we would expect a privilege log.

EXHIBIT A

If I do not receive the entire record by Saturday noon, I will need an extension of time to prepare for trial. Since we were on such a tight schedule to begin with, the loss of 2-3 days of file review will impede our ability to prepare for trial.

I will be in until at least 1:00 p.m. tomorrow if you need to contact me.

Very truly yours,

FORREST L. INGRAM, P.C.

Julie A. Boynton

DAVIDSON MANDELL
& MENKES

Suite 1900
303 West Madison
Chicago, Illinois 60606
Telephone (312) 251-1000
Fax (312) 251-1010
E-Mail dgmm@dgmm.com

July 14, 2000

**By Facsimile**

Ms. Julie A. Boynton
Law Offices of Forrest L. Ingram, P.C.
79 W. Monroe Street
Suite 1210
Chicago, Illinois 60603

Re: *In re: John A. Hanno, Debtor*
No. 98 B 36360
Our File No. 2471

Dear Ms. Boynton:

This letter will serve to supplement our conversation of earlier today. We are ready, today, pursuant to Judge Schmetterer's order, to allow you to review every non-privileged document in Brian Jensen's file. We will also provide you with a privilege log for every document in that file which is protected by the attorney-client or work-product privilege.

We will also make available to you, for your review, every non-privileged document in any other TCF files. We will also provide you with a privilege log for every document in those other files which is protected by the attorney-client or work product privilege.

Please contact me to arrange your review of the documents, or if you have any questions. I will be available this weekend, if necessary, but I'm not sure on which particular day.

Sincerely,

Kenneth R. Wysocki

EXHIBIT B

**FORREST L. INGRAM, P.C.**

79 W. MONROE, SUITE 1210
CHICAGO, IL 60603
PHONE: 312/759-2838
FAX: 312/759-0298

## MEMORANDUM

**TO:** KEN WYSOCKI

**FROM:** JULIE A. BOYNTON

**SUBJECT:** PRODUCTION OF TCF FILE IN HANNO CASE

**DATE:** 7/15/00

**CC:** JOHN HANNO

Dear Ken,

This memo is in response to your letter sent after 6:00 p.m. on July 14, 2000. I had expected all files to be tendered to me by that time. Your letter was the first indication that you would not be producing files but expecting us to come to your office for inspection. It is now 1:45 p.m. on Saturday, July 15, 2000 and you have still not advised me that I can come for inspection.

As you know, we were on a very short leash with respect to responses and the delay in the production of these files will in all likelihood cause a delay in my time to be able to respond since I will not be in my office either Monday or Tuesday and had expected to be able to take the documents with me for review on those days.

Mr. Hanno, my clerk and possibly one other attorney will be at your offices on Monday July 17, 2000 to review the files and tag those we want for copies. Since I will be out of town, please call Mr. Ingram should there be any further problems.

Very truly yours,

FORREST L. INGRAM, P.C.

Julie A. Boynton

EXHIBIT C

DAVIDSON MANDELL
& MENKES

Suite 1900
303 West Madison
Chicago, Illinois 60606
Telephone (312) 251-1000
Fax (312) 251-1010
E-Mail dgmm@dgmm.com

July 16, 2000

**By Facsimile**

Ms. Julie A. Boynton
Law Offices of Forrest L. Ingram, P.C.
79 W. Monroe Street
Suite 1210
Chicago, Illinois 60603

Re: *In re: John A. Hanno, Debtor*
No. 98 B 36360
Our File No. 2471

Dear Ms. Boynton:

I am in receipt of your letter dated July 15, 2000. As I mentioned to you Friday, both on the telephone and in writing, we are ready to disclose a large number of documents relating to this case. Mr. Hanno and any attorney or paralegal in your firm are welcome to view those documents on Monday. Please have Mr. Ingram or someone from your firm call me to make the arrangements. Unfortunately, while I was in the office on Saturday, I did not receive your fax until 6:00 p.m.; please feel free to telephone me (instead of faxing) with any of your concerns about the documents, especially on the weekends when I may not receive faxes as quickly as I would during the week.

Sincerely,

Kenneth R. Wysocki

**FORREST L. INGRAM, P.C.**
**79 W. Monroe Street, Suite 1210**
**Chicago, IL 60603**
**312/759-2838**

# FAX COVER SHEET

Date: July 17, 2000

**To:** **Kenneth Wysocki** **Fax#** 312/251-1010

From: Sherizaan Minwalla, clerk

**Number of pages including cover sheet: [2 ]**

Here is a copy of the page that you requested recopied.

FACSIMILE TRANSMITTAL SHEET

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT D

TCF 00135
136
137
144
145
146
148
[redacted]
154
155
170
171
172
184
194
195
196 - partially unclear
197
198
199
201
202 - unreadable
204
205
206
207
209
210

TCF 00211
213
215
217
218
222
223
224
225
226
227
228
229
(unreadable) 230
( " ) 231
( " ) 238
239
240
241
242
243
(unreadable) 244
245
246
247
248
251
252

DAVIDSON MANDELL
& MENKES

Suite 1900
303 West Madison
Chicago, Illinois 60606
Telephone (312) 251-1000
Fax (312) 251-1010
E-Mail dgmm@dgmm.com

July 21, 2000

**By Facsimile**

Ms. Julie A. Boynton
Law Offices of Forrest L. Ingram, P.C.
79 W. Monroe Street
Suite 1210
Chicago, Illinois 60603

Re: *In re: John A. Hanno, Debtor*
No. 98 B 36360
Our File No. 2471

Dear Ms. Boynton:

I repeat to you the offer I have made, in prior correspondence, to provide you with copies of the documents Mr. Hanno and your paralegal have already reviewed, along with copies of the file from TCF's in-house legal department. On Monday, I asked your paralegal to provide me with a better copy of her list of the documents she wanted copied, because a portion of one page of the list was unreadable. Since I have not received that information, there is about a quarter of a page of the list that I cannot read. Every other document on the list has been copied.

All of these documents are sitting in a box in our lobby. If you are not willing or able to pick them up, we will deliver them to you, if necessary.

Sincerely,

Kenneth R. Wysocki

KRW:vh

EXHIBIT E

**DAVIDSON MANDELL MENKES & SURDYK, LLC**
**303 W. Madison Street**
**Suite 1900**
**Chicago, Illinois 60606**
**Phone: (312) 251-1000**
**Facsimile: (312) 251-1010**

| | | | |
|---|---|---|---|
| **TO:** | Ms. Julie A. Boynton | **From:** | Kenneth R. Wysocki |
| **Company:** | Law Offices of Forrest L. Ingram,P.C. | **Date:** | July 21, 2000 |
| **Fax No.:** | (312) 759-0298 | **Pages:** | 2 (including cover page) |

**If you do not receive all pages, please call (312) 251-1000**

## Message:

### IMPORTANT

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION WHICH IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. YOU ARE HEREBY NOTIFIED THAT IF YOU ARE NOT THE INTENDED RECIPIENT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED, EXCEPT THAT IF YOU ARE AN AGENT OF THE INTENDED RECIPIENT, YOU MAY DELIVER THIS MESSAGE TO THE INTENDED RECIPIENT. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE BY UNITED STATES MAIL. WE WILL PROMPTLY REIMBURSE YOU FOR POSTAGE. THANK YOU.